IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| REBECCA LOWERY,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 5:24-CV-01148-DAR<br><br>JUDGE DAVID A. RUIZ<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**REPORT AND RECOMMENDATION**<br>[ECF #13] |

Before me is plaintiff Rebecca Lowery's Motion for Attorney Fees under 42 U.S.C. § 406(b) filed by Attorney Matthew Shupe of Paulette F. Balin & Associates, LLC, for work performed in federal court. (ECF #13). The District Court referred this motion to me for disposition. (Non-document entry of Oct. 23, 2026). The Commissioner responded to Plaintiff's motion but took no position on the appropriateness of the requested award. (ECF #14). Having reviewed the written submissions and applicable law, I recommend the District Court **GRANT** Ms. Lowery's motion.

## Background

In July 2024, Ms. Lowery filed a complaint challenging the Commissioner's decision denying disability benefits. (ECF #1). On the parties' joint motion (ECF #8), the District Judge remanded the matter for further administrative proceedings before the Commissioner. (ECF #9). Based on the parties' stipulation (ECF #11), the District Court awarded Ms. Lowery's counsel $1,183 in costs and attorney's fees for services performed in federal court, as authorized by the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (ECF #12).

On remand, an administrative law judge found Ms. Lowery disabled as of April 2022. (ECF #13-7 at PageID 611). The Social Security Administration (SSA) calculated past-due benefits of $74,541.90, from which the SSA withheld $18,635.48 (25%) for payment of attorney's fees, and awarded $55,906.42 to Ms. Lowery. (*See* ECF #13-1 at PageID 582, 584-85). The ALJ authorized a total of $15,000 in fees for work at the administrative level performed by other attorneys at Paulette F. Balin & Associates, representing 20.1% of the total amount of past-due benefits. (*See* ECF #13-2 at PageID 589; ECF #13-3 at PageID 595).

Ms. Lowery requests that I authorize payment of $3,635.48—the balance of the withheld funds—to Attorney Shupe for the work pursuing her appeal in this Court. (ECF #13). That fee represents 4.9% of the total amount of past-due benefits. She contends the fee is reasonable considering the number of hours spent, the result achieved, the complexity of litigation on federal court review, and the quality of representation. (*Id.*).

## Law and Analysis

Ms. Lowery's motion is governed by the Social Security Act (Act), 42 U.S.C. § 406(b). Under the Act, when a plaintiff prevails on an appeal challenging denial of Social Security benefits, a court may award a reasonable attorney's fee. *Id.* The fee may not exceed 25% of the plaintiff's past-due benefits and is payable "out of, not in addition to, the amount of past-due benefits." *Id.* Plaintiff's counsel must show that the fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnard,* 535 U.S. 789, 807 (2002). If plaintiff's counsel receives attorney's fees under both the EAJA and the Act, counsel must refund the smaller of the amounts to the plaintiff. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

Where the requested fee is based on a contingent-fee agreement between the plaintiff and plaintiff's counsel, as it is here (ECF #13-4), the reviewing court must look first to the contingent-fee agreement, then test whether the fee amount calculated according to the agreement is reasonable. *Gisbrecht*, 535 U.S. at 808. Contingency-fee agreements within the 25% cap are "not to be viewed as *per se* reasonable," but are afforded "the weight ordinarily accorded a rebuttable presumption." *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc); *see also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (upholding *Rodriguez's* rebuttable presumption in a post-*Gisbrecht* decision).

In this case, Ms. Lowery, through counsel, successfully appealed the Commissioner's decision denying disability benefits and secured an award of past-due benefits. The contingent-fee agreement between Ms. Lowery and Paulette F. Balin and Associates, LLC, states that if the SSA decides in her favor after a decision by the federal court, she will pay her attorney "a fee equal to 25 percent of all past-due benefit." (ECF #13-4). On its own, the requested fee represents less than 5% of the total amount of past-due benefits. When combined with the fees paid to other attorneys at the firm for administrative-level work, the total fee does not exceed 25% of the past-due benefits. ($3,635.48 + $15,000 = $18,635.48). Thus, the fee under the contingent-fee agreement is presumptively reasonable.

That said, "a court is not bound to award recovery according to the stated agreement" and may reduce the requested fee. *Rodriquez,* 865 F.2d at 746. If "the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons" for those deductions. *Id.* Deductions from the requested fee "generally should fall into two categories: (1) those occasioned by improper conduct or ineffectiveness of counsel; and (2)

situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*; *see also Gisbrecht,* 535 U.S. at 808 (noting with approval that courts reviewing fee determinations "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved"). Where none of these reasons apply, an agreement for a 25% fee is presumed reasonable. *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 421 (6th Cir. 1990).

The Commissioner does not allege Attorney Shupe engaged in improper conduct or provided ineffective representation. Improper conduct includes, for instance, delaying the final decision of the claim. *See Rodriguez,* 865 F.2d at 746 (explaining that claimant's past-due benefits increase as time passes and, therefore, "a lawyer is almost always financially served by delay in a final decision on the claim"). For example, an attorney's consistent pattern of waiting for the last day possible before filing a request or response that results in delay might support reducing the requested fee. *Id.* at 747. Similarly, a reduction might be warranted if the award of benefits was inflated by counsel's incompetence, such as by procedural missteps resulting in delay. *Id.* Nothing in the record suggests Attorney Shupe's actions, intentional or unintentional, delayed the case to inflate the benefits award. In addition, Ms. Lowery has established that Attorney Shupe is experienced in his field, with over a decade of practice representing Social Security claimants at the administrative level and before federal courts. (ECF #13-6).

Turning to the second category, the fee does not appear to represent a windfall to Mr. Shupe. The Commissioner does not assert that the fee is inordinately large or that Attorney Shupe spent minimal time on the matter. One method for determining whether the requested fee is a windfall is to consider the effective hourly rate calculated from the requested fee. *Rodriguez,* 865

F.2d at 746; *see also Gisbrecht*, 535 U.S. at 808 (authorizing district courts to consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees). In the Sixth Circuit, an effective hourly rate that is less than twice the standard rate for such work in the relevant market is per se reasonable, and an effective hourly rate that is equal to or greater than twice the standard rate "may well be reasonable." *Hayes*, 923 F.2d at 422.

The Sixth Circuit has not provided definitive guidance on how district courts should calculate the "standard rate." *Compare Ringel v. Comm'r of Soc. Sec.*, 295 F.Supp.3d 816, 823-24, 829 (S.D. Ohio 2018) (using the EAJA rate as the primary benchmark in determining the standard rate) *with Sykes v. Comm'r of Soc. Sec*., 144 F.Supp.3d 919, 925-26 (E.D. Mich. 2015) (using the rate charged by the 95th percentile of public benefits attorneys in Michigan as the standard rate). But, "[w]here an attorney has a 'standard rate' for comparable noncontingent fee cases, it is appropriate for [a] Court to consider such evidence." *Ringel*, 295 F.Supp.3d at 829 (citing *Gisbrecht*, 535 U.S. at 808).

Attorney Shupe has provided ample evidence of his standard rate and how that rate compares to hourly rates in the relevant market. According to the attached itemized statement of time, Attorney Shupe spent 5.2 hours on the matter (ECF #13-5), resulting in an effective hourly rate of $699.13. (*See* ECF #13 at PageID 577) ($3,635.48 /5.2 hours). In his attached affidavit, Attorney Shupe states his standard hourly rate was $400 during the relevant time. (ECF #13-6). Louise Mosher, an Ohio-licensed attorney, states in her affidavit that she has represented thousands of Social Security disability claimants at the administrative level and before federal district courts and the Sixth Circuit Court of Appeals. (ECF #13-9). She also states "[a]s a 40-year practitioner, the value of [her] current hourly rate is $450.00 per hour." (*Id.*). Ms. Lowery also

attached *The Economics of Law Practice in Ohio in 2019*, a publication from the Ohio State Bar Association showing the average billing rate of Ohio attorneys representing Social Security claimants is $336 per hour. (ECF #18-8 at PageID 1970). Thus, I find that $400 per hour is an appropriate standard rate to use in comparison to counsel's effective hourly rate.

Attorney Shupe's effective hourly rate, $699.13, is less than twice his standard rate, $800, and is therefore reasonable per se. *See Hayes,* 923 F.2d at 422. There have been no allegations, and I am not aware, of any improper attorney conduct or ineffectiveness of counsel that requires a reduction of the requested fee amount. Nor does it appear the requested fee is a windfall for Attorney Shupe because the award is not inordinately large (4.9% of the total past-due benefits) and nothing suggests he expended only minimal effort. As a result, I conclude Attorney Shupe has proven the reasonableness of the requested fee.

## Conclusion

For the foregoing reasons, I recommend the District Court **GRANT** the motion and authorize attorney's fees of $3,635.48 under 42 U.S.C. § 406(b) and order Attorney Shupe to promptly refund Ms. Lowery $1,183, the attorney's fee previously awarded under the Equal Access to Justice Act.

Dated: October 29, 2026

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

## Objections, Review, and Appeal

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-cv-186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).